24-1934 Eastern Arkansas, Depali Tukaye v. Matt Troup et al. Good morning Judge, this is Souter from Arkansas. It's good to see you again. I represent Dr. Depali Tukaye on this appeal from the denial of a motion to alter amendment under Rule 59 as well as a grant of a Rule 12b6 motion. The case was dismissed early on on motion. Discovery hadn't opened and the defendants filed a Rule 12b6 motion in which they did not argue intervening cause. In Arkansas, the district court was sitting, had both diversity and federal question subject matter jurisdiction. There was a discrimination claim under 1981-1983 and the analog Arkansas Civil Rights Act claim for discrimination. And there was also a common law tortious interference with a contract claim. And I came up here to argue to you the tortious interference claim because the district court granted summary judgment on an affirmative defense on a Rule 12b6 motion. Basically, the district court, instead of resolving all facts in favor of my client on its own motion, and I think if you look in the record at page 184, you'll see that the parties, the appellees essentially admit that they didn't raise this issue of intervening cause. It seems like a fine line between intervening cause and just failing to sufficiently allege a proximate cause. In some instances there is, but in Arkansas, it's very clear that this was an intervening cause because the judge, without using the words, said so. And he said it broke the chain. But not only was that in error, because bear in mind on Rule 59, this issue wasn't developed as it should be, but it wasn't through any fault of mine. And that's a reason that I'm asking you guys to reverse our man for further proceedings down below. But you're correct, Judge, sometimes there is. But if you look at paragraphs 9 and 10 in the record at 166, you will see that I alleged proximate cause. And the district court cited the cases on intervening cause. And, Judge, those arguments were never made. And I'm not required, all evidence to the contrary in employment cases sometimes these days, to be psychic. You know, nominally speaking, federal courts are still notice pleading. Now, if we're not, after 30 years of practicing and pleading in federal court, we just need to say so because that seems like where we're going. I pled proximate cause. I didn't have to prove or plead every element of my claim. We're still notice pleading, Judge. But when the district court did what it did, it stepped over the line because in Arkansas, and I cite to you, Judge Loken, a case called Hill Construction v. Bragg. I know you'll go back there and look at it. No, I think I already did, yeah. I didn't think it answered the problem here. Say again, sir? I didn't think it answered the problem here. Well, I think it did because that case unquickly holds that intervening cause is usually a question of fact for the jury. That doesn't answer whether this is an element of your pleading. No, no, sir. In affirmative defense, the judge dismissed, the judge did not rule that I did not allege proximate cause. He alleged that- I know. You did clearly allege it in the Second Amendment, the one he didn't allow you to try again. Yes, I did. First time it was not clearly alleged. I think it was, at least for notice pleading. I studied 139 to 41. I assume that's 9 and 10. But again, that was a ruling. Nobody argued proximate cause. Well, the defendants did say that she terminated, she was the one that terminated. That that's not what I alleged. I alleged that in paragraphs 9 and 10 that she was working under an H-1B visa that required her to be in a rural hospital. That Jack Stevens had no other placement that met her H-1B visa and that staying there would require her to violate the law. Now, admittedly, more of those details were- Aren't you talking about the complaint you were in on the Second Amendment? Yes, sir. I did. You're not talking about the initial complaint. Yes, sir. In answer to her question, I went over to the initial, the Rule 59, what I'll call the Rule 59 complaint. But if you look at the initial complaint, the one that was in front of the district judge, right? The district judge is looking at, you've got this notice to leave thing that's in there. And we do have cases that say that if an affirmative defense is apparent in the face of an amended complaint or the original complaint, that you can get to the, you can dismiss on that basis. And that's like C.H. Robinson, right? Well- And so the issue here is kind of like, well, I, you know, and that's, and it is kind of odd because ordinarily you'd say that, well, we'd have the argument and it would be framed up. You would have had a chance to reply. He could have presented it. That never happened here. Except they did keep saying that this notice to leave is essentially a notice to quit.  That's what that- But that's, in my view, when I was looking at that argument, that was drawing inferences against the complaint. And if we put that aside-  So that's a factual inference that's been drawn by the judge inappropriately. It's not, you know, and so there's some world in which a notice to leave is separate than a notice to quit. Of course, when you are forced to leave because you'll violate the law, if the terms of your employment- That wasn't in the complaint, though. That was in the amended complaint. It was in the Rule 59 complaint. In the second amended complaint that was denied. In the proposed second amended complaint. But, guys, what was the prejudice in this? They had the burden of proving prejudice. Because the law is that because this issue was first raised in the judgment, that I could raise it under Rule 59. And that's the, oh, shoot. You know, the motion to alter itself, forget what's in the complaint, does not address the causation ruling except to suggest that the initial complaint suggested constructive discharge. Well, no, the initial complaint, as I recall it, said that the threat was not to allow her to practice. And this caused her wage loss. Now, I could be wrong on that. I'm having a senior issue moment here. But in terms of proximate cause on the initial complaint, but again, we're also here on the Rule 59 motion. And that's not a normal Rule 59 motion under previous panel law. There was no prejudice here in allowing me to amend. And I think the Rule 59 motion adequately shows, states a claim, especially in life, that the defendant showed no prejudice. I'm going to go sit down and try to answer your question when I get back up. But you haven't addressed, you started from the back and moved to the front. My reaction was to start at the front was the initial ruling. And you're intervening cause assertion. And you treat notice to leave as an intervening cause and therefore an affirmative defense. It can't support a motion to dismiss. I read the district court as holding that a voluntary resignation under Arkansas law defeats the causation element of tortious interference. And I wrote the briefs are poor on this. And I was hoping it would get better today. And you didn't want to talk about that. Well, I wanted to talk about my stronger argument first, Judge. You wanted to talk about Rule 59. Yes, because that's my stronger argument. Nothing wrong with that. No, there's nothing wrong with that. All right. The district court didn't say it was futile. But I think that's a serious question with that. Well, Rule 59, when it came out, I thought he unambiguously ruled on intervening cause. When you look to the cases he cited, it was an intervening cause action. And intervening cause wasn't clearly played in this complaint. It wasn't. Now, you can throw rocks at me on proximate calls. But when you look at the second amended complaint, Judge, I cured that.  Intervening cause, if it's an affirmative defense, it's asserted by the defendant. That's right. And it never was. Okay. But so the district court didn't pretend to rule on an affirmative defense. He ruled on the inadequacy of the complaint. But when he did that, Judge, and I timely filed a Rule 59 motion, he abused his discretion in denying that motion and refusing me the ability to replead. This court's holding the legion that they have to prove prejudice. There wasn't any undue delay. There wasn't any of this. That is one of the steeper hills to push a rock up. Yes, sir. And I urge you to recognize that this matter was early, early. No scheduling order had even been issued. There was no prejudice. I urge you to reverse and remand. Thank you. Thank you. Do we need two lawyers on this? Good grief. Mr. Mallard? May it please the Court. Gabriel Mallard for Appelee, Mr. Troop. I'll be sharing time today with counsel for the City of Appelees. As the Court has already addressed, this is a grainy of a dismissal by the district court, and this is a de novo review. Contrary to what appellants' styles is, this is not a sous-spante raising of an affirmative defense by the judge. This case, on the very face of it, both the complaint and the amended complaint, lacked the causation necessary to prove tortuous interference. I'm sorry. I can't pick up hardly a word. You're looking down and not talking in the mic and not speaking up. Not a problem. Can you hear me fine now? Yes. Okay. When you look at the complaint and the amended complaint, there is a lack of causation of the tortuous interference. What is alleged in the amended complaint is that appellant made a complaint about a white physician. Can we get a response to what was argued this morning? Sure. You just want to talk about what's in the brief that he didn't want argued this morning. Okay. Would you like to start with the 59E motion? Yeah. Okay. That's all that's been argued this morning. Very good. You can open up the rest for rebuttal if you want. Absolutely. So on the 59E motion, I think it was absolutely appropriately granted. It's reviewed on abuse of discretion, and the district court here specifically denied it for the unjust delay and the prejudice to the defendants. This court has found that even a two-day delay is enough to consider it an unexcused delay. When you look at a 59E motion, a party that moves to do that can't introduce new evidence that was already available to them. In his brief, in appellant's brief, they clearly admit that there's nothing new that's being introduced with regard to defendants, and all the new facts are facts related to appellant. All of that information would have been available to appellant during the original complaint. So, therefore, there is an unexcused delay in filing that 59E. That's not preclusive. That's not determinative. Where's the prejudice? The prejudice. This has been going on for a year. And granted, in the court system, a year is a very short period of time. The prejudice here is that when you look at the Second Amendment complaint, it doesn't address the causation issue. So if we have to respond to it again, it will be essentially the same motion to dismiss. You're saying an allegation of constructive discharge does not address causation? Well, a 59E motion isn't a place for new arguments to be raised. We would be prejudiced from that perspective because he did not raise constructive discharge below, and now he's raising this in the 59E motion. Constructive discharge would have been available to him both the original and the amended complaint. Now, the judge said that the notice to leave was in front of the judge at that point. I'm trying to figure out where that came from because it's not attached to the Second Amendment complaint. And on a motion to dismiss, we're in summary judgment land. I'd say, okay, that's a totally different position. But if you were in a motion to dismiss at 12B6 stage, you know, we don't have the notice to leave didn't seem. Was it attached to the Second Amendment or to the First Amendment complaint? I don't think it was. So I'm saying, how did he know that was there? Where did it come from? How did it get interjected into the case? Is it in the pleadings? Yes, Your Honor. Appellant pleaded both the original complaint and the amended complaint. Well, I'm trying to look at the First Amendment. If you have the amended complaint up, Your Honor. Yeah, I've got it up here. I'm just not seeing it, which is nice. If you look to paragraph 11 in count 1, Troop then renewed contract with Jack Stevens within 72 hours of plaintiff tendering her notice to leave. Tendering notice to leave. So that clause. And despite what appellant says, I don't know how a notice to leave can be viewed as anything other than a resignation. And if appellant resigned from her position at Jack Stevens Hart Institute, that is not my client causing or inducing a breach or termination of contract. That is appellant causing a termination of the contract. So a core element of the torturous interference claim fails. Jack Stevens advised plaintiff it would not be able to place her at another location, thereby effectively terminating the contract. But there's no allegation that they actually terminated the contract. And if you, without getting into the second. That's a constructive discharge, right? This is Rule 11. This is not summary judgment. Effectively terminating the contract. Oh, that's not an allegation. It was terminated. Come on. When you look at the Second Amendment complaint, it expressly says, the one that was attached to 59E motion, it expressly says that she resigned. It does not say that Jack Stevens terminated her. You can also look to the contract that was attached to the original complaint between Dr. Takai and Jack Stevens, which is part of the record and expressly shows that there are other hospitals in which she can provide care. Jack Stevens has a contract with multiple hospitals. She's required to maintain privileges at Conway Regional, Baptist Health Conway, and other facilities. So she has other hospitals in which she can go to. There is nothing. And that's where the visa kicks in. The visa problem. The visa is not argued in the original complaint or the amended complaint. I know. That's where. That's what's added. That is correct. That is part of what is added. But those things were available to her as an original argument in both those complaints. That's true, but you still have discretion to, as opposed to throwing out a case. Yes, Your Honor. I think a high percentage of district judges would have thought that was sufficiently new and different and relevant and important to be forgiving. On the 59E motion, Your Honor. Well, you can. It's really two motions, isn't it? I mean, it's a motion to alter an amendment, and it's a motion for leave to file a second amendment complaint. Were they not separate motions? No, they were a singular motion.  They're a combined motion. That's different relief. It is. But nevertheless, let's say she does have an H-1B. And so just going down that line of thought, if Jack Stephens doesn't terminate her and she resigns, which is also in the second amendment complaint, then that means she has already gone and sought her own job prior to Jack Stephens ever taking any kind of action that would affect her H-1B. She's already what? If she has already resigned from Jack Stephens and taken a job in Atlanta. So when you look at the second amendment complaint, it expressly says that she resigned her job at Jack Stephens Heart Institute and took a job in Atlanta, a much larger metropolitan area than Little Rock. By resigning and taking that job, I mean, essentially they are pleading that intervening cause. She is the one that has left there prior to the termination of her contract, so the H-1B goes away. That's not relevant to the discussion here. The relevancy of the discussion is her contract with Jack Stephens wasn't terminated. She went and found a job in Atlanta, and thereafter resigned. Well, that may be true if you ever develop the discovery on it, and we're in summary judgment land. But here, you know, at the 12B6 stage originally, the claim is there's been a constructive discharge, and then following the constructive discharge, then the notice to leave is sent, right? That's the argument that's made, right? And essentially what they're saying is that I would violate my visa and be subject to removal from the country. And so I had no choice. The argument also is this was very effective mitigation. That is fair. What I would say, though, is that a certain has found in Baker v. Morrell for constructive discharge. The plaintiff can't just make assumptions. They can't just jump to conclusions. There has to be more, and that is there's not that here. They may have said that Jack Stephens may have said, at least per this, that there was not another hospital to go, but Jack Stephens did not terminate her. The district court did not make a futility finding, right? No, that would be reviewed de novo by the court if they had made a futility defining on the 59E, though I would argue that in this particular case, when you compare the second amended complaint to the amended complaint to the original complaint, that futility does exist, and it could be dismissed, or it could be denied as a 59E motion for the same reason it was dismissed as the 12B6 motion. I'm going to cede the rest of my time to the City of Appalachia. Thank you, Your Honor. Ms. Adams? Thank you, Your Honor. May it please the Court, my name is Jenna Adams, and I represent two of the appellees in this case, the City of Conway and the Conway Health Facilities Board. I ask that the Court affirm the district court's ruling dismissing appellant's claims against my clients for the following reasons. First, appellant failed to appeal the district court's dismissal of the City of Conway. That is currently not an issue that is on appeal. The district court held that the board is not an agent of the city, and that the city played no role in the oversight of Dr. Tukay's employment. That issue has therefore been waived on appeal, and the Court should affirm the dismissal of the City of Conway. Second, the city and the board cannot be held liable for the alleged actions of Conway Regional Medical Center and Mr. Trope. If it's waived, why do we have to wait? You've got another client, talk about it. Both the record and Arkansas law are clear that the board is not an agent of the city. Rather, it's a distinct legal entity that was created under Arkansas Code Annotated 14-137-101. It has no administrative or operational authority over the hospital. Its powers are strictly limited to financing, not managing these healthcare facilities. The Arkansas Supreme Court in Sanders v. Bradley County stated just that, that the boards are not agents of the municipalities that create them. Thus, the city and the board cannot be held liable for the alleged actions of Conway Regional Medical Center or Mr. Trope, and we would ask that the court affirm that holding. I see that I am out of time, so unless the judges have any questions, thank you. Yeah. May I have a minute? Yes. To answer Judge Kelly's question the best I do is in paragraph 11 and paragraph 26. Why are we messing with the city and the board on appeal? We're not. In my brief, I don't argue any of that. I don't believe. All right, so you didn't do a reply brief, so they're wasting their time. You don't object to the fact that they are not? I'm not the sharpest knife in the drawer. They're not at issue on appeal as far as you're concerned. I'm not the sharpest knife in the drawer, Judge Logan, but I know what a waiver looks like. Okay, good. Thank you. Go ahead. But again, the best I do is Plaintiff had done nothing wrong, but Jack Stevens advised Plaintiff it would not be able to place her at another location, thereby effectively terminating the contract. And then I say Plaintiff was damaged because she lost wages. Because one thing that, number one, a large part of the hospitals or Ms. Trope's argument was arguing inferences against me, which I think was inappropriate. There's two things I want to point out to you. The amended complaint, there was no prejudice. The second amended complaint, there was no prejudice. And in the second amended complaint, I pled facts that show a constructive discharge. And I not only pled facts that show a constructive discharge, I pled facts that showed a wage loss of nearly $200,000. So I beg you, for justice sake, to remand this, because I'm still old enough to remember when we got to meet the coconut and not ruled on technicalities, as my favorite judge from North Dakota used to tell me. Mr. Souter, don't bring no technicalities up here to me as Judge Webb. But anyway, thank you all for your patience. Always a pleasure seeing you, Judge Logan. Same here. Thank you, sir. See you. The case has raised a lot of issues. The argument has been helpful. We'll take them under advisement.